UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
-------------------------------------------------------X
Pietro Bartomeo,

                                Civil Action No.:_____

            Plaintiff,

    -against-                      **COMPLAINT AND DEMAND**
                                      **FOR TRIAL BY JURY**

Commercial Recovery Systems, Inc.,

            Defendant.
-------------------------------------------------------X

Now comes Plaintiff Pietro Bartomeo (hereinafter referred to as "Plaintiff"), by and through his attorneys, Fredrick Schulman & Associates, Attorneys at Law, and brings this action to recover monetary damages, and declaratory and injunctive relief, against Defendant Commercial Recovery Systems, Inc. (hereinafter referred to as "Commercial Recovery Systems, Inc."), arising from Defendant's violations of 15 U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA").

## PARTIES

1.     Plaintiff is a natural person and a resident of the State of North Carolina, County of Mecklenburg, residing at 9021 Castlebay Dr. Charlotte, North Carolina 28277. At all relevant times herein, Plaintiff maintained his residence at this address.

2.     At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

3.     Upon information and belief, Defendant is a corporation incorporated under the laws of the State of Texas and authorized to conduct business in the State of North Carolina.

4.     Upon further information and belief, Defendant is engaged in the business of debt collecting debts incurred and alleged to be incurred, for personal, family or household purposes,

1

and is a collection firm with its principal place of business at 8035 E. R. L. Thornton, #220 , Dallas, Texas 75228.

5.     Defendant's registered agent, CT Corporation Systems, Inc. maintains its office at 1200 South Pine Island, Plantation, Florida 33324.

6.     Upon information and belief and at all relevant times, Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

7.     Indeed, upon information and belief, on a website maintained by the Defendant at the URL address of www.crsresults.com Defendant informs visitors to the site "Commercial Recovery Systems (CRS) is a receivables management company offering a performance-based, third party solution for managing and collecting delinquent accounts".

8.     Upon information and belief, Defendant holds itself out as an entity engaged in the business of being a "debt collector" and is subject to the requirements of the FDCPA.

9.     Upon information and belief, Defendant was attempting to collect a "debt" from the Plaintiff as that term is defined in 15 U.S.C. §1692a(5) of the FDCPA.

10.    Upon further information and belief, at all relevant times herein, Defendant knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff.

## JURISDICTION AND VENUE

11.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et. seq*. and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

12.    Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(3).

## FACTS

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "12" herein with the same force and effect as if the same were set forth at length herein.

14. Plaintiff allegedly incurred a debt to Main Street Acquisitions Co / HSBC Service Auto Loan.

15. Upon information and belief, the nature of the underlying debt allegedly owed by the Plaintiff is the type of debt the FDCPA was designed to regulate.

16. Beginning in or around January 2013, Defendant commenced collection activities against Plaintiff to recover a debt (referred to hereinafter as the "Alleged Debt").

17. Plaintiff voluntarily turned in his leased vehicle in 2006 after not being able to make payments.

18. Upon information and belief, Defendant is attempting to collect on a debt that the statute of limitations has already expired.

19. Upon information and belief, between January and February 2013, Defendant's agent, Ruth Henderson, placed several phone calls to Plaintiff's residence and cell phone in an attempt to collect the Alleged Debt.

20. Upon information and belief, Defendant left numerous messages for Plaintiff stating that there is a civil complaint in its office, and that Plaintiff must contact Defendant right away.

21. In or around March 2013, Defendant placed calls again to Plaintiff in an attempt to collect the Alleged Debt.

22. Defendant told Plaintiff that "it is an emergency" and Plaintiff must return Defendant's call by the end of the business day that day.

23. Defendant stated that if Plaintiff doesn't contact Defendant, legal action will be taken.

24. Defendant failed to provide a meaningful disclosure to the Plaintiff, disclosing what company she was calling from, and that Defendant is a debt collector in each telephone communication.

25. On or about March 5, 2013, Plaintiff received his first letter from Defendant, over a month after collection activity had begun.

26. As a result of the Defendant's deceptive, misleading and/or unfair debt collection practices, the Plaintiff has been damaged.

27. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## **FIRST CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e**

28. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "27" herein with the same force and effect as if the same were set forth at length herein.

29. The Defendant's conduct violated 15 U.S.C. §1692e in that the Defendant used false, deceptive and misleading representations in attempt to collect a debt.

30. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SECOND CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692(2)

31. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "30" herein with the same force and effect as if the same were set forth at length herein.

32. The Defendant's conduct violated 15 U.S.C. §1692e(2), which prohibits misrepresenting the character, amount or legal status of an alleged debt when defendant attempted to collect the alleged debt after the statue of limitations had expired,

33. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA

## THIRD CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e(5)

34. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "33" herein with the same force and effect as if the same were set forth at length herein.

35. The Defendant's conduct violated 15 U.S.C. §1692e(5), which prohibits threatening to take any action that cannot legally be taken or that is not intended to be taken when Defendant stated there was a civil complain in its office against Plaintiff.

36. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA

### **FOURTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e(10)**

37. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "36" herein with the same force and effect as if the same were set forth at length herein.

38. The Defendant's conduct violated 15 U.S.C. §1692e(10) in that the Defendant used false representation and deceptive means in attempt to collect a debt.

39. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### **FIFTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692f**

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "39" herein with the same force and effect as if the same were set forth at length herein.

41. The Defendant's conduct violated 15 U.S.C. §1692f in that the Defendant used unfair and unconscionable means in its attempts to collect a debt from the Plaintiff.

42. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## **SIXTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692g**

43.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "42" herein with the same force and effect as if the same were set forth at length herein.

44.     The Defendant's conduct violated 15 U.S.C. §1692g which states a consumer must receive a 30-day validation notice within 5 days of the initial communication when defendant failed to provide a letter to Plaintiff more then a month after collection activity had begun.

45.     As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## **DEMAND FOR TRIAL BY JURY**

46.     Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Pietro Bartomeo demands judgment from the Defendant Commercial Recovery Systems, Inc. as follows:

A.  For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B.  For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2):

C.  For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D.  For a declaration that the Defendant's practices violated the FDCPA; and,

E.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  New York, New York
        May 14, 2013

    Respectfully submitted,

By: _____
    Jerald Alan Belofsky, Esq. (249262)
Fredrick Schulman & Associates
Attorneys at Law
Attorney for Plaintiff
30 East 29TH Street
New York, New York 10016
(212) 796-6053
    info@fschulmanlaw.com

8